DUQUE & DUARTE, INC., Claimant of F/V CHRISSY & KATHY, her engines, tackle, apparel, etc., Appellant,

v.

GEOPHYSICAL SERVICE, INC.,
Appellee.

No. 25733.

United States Court of Appeals
Fifth Circuit.

Oct. 9, 1968.

Rehearing En Banc Denied
Dec. 9, 1968.

Robert C. Barnett, Houston, Tex., Ellis & Andrews, Aransas Pass, Tex., for appellant, Talbert, Giessel, Barnett & Stone, Houston, Tex., of counsel.

James E. Ross, Blades, Crain, Slator, Winters & Ross, Houston, Tex., for appellee.

Before BELL and SIMPSON, Circuit Judges, and ROBERTS, District Judge.

GRIFFIN B. BELL, Circuit Judge:

This appeal is from a decree awarding damages against appellant, the claimant of the F/V CHRISSY & KATHY, a shrimp trawler, based on negligence in colliding with a seismic cable, owned by Geophysical Services, Inc., and being towed underwater by the M/V PACIFIC SEAL. The circumstances giving rise to the collision, taken in light of the applicable law, adequately sustain the findings and conclusions of the district court with respect to negligence and proximate cause. No error otherwise appearing, we affirm.

The M/V PACIFIC SEAL and the M/V CAMPECHE were a part of a Geophysical Services, Inc. flotilla engaged in underwater oceanographic seismic research which entails shooting explosive charges and recording the reflected energy. The collision or entanglement out of which the damages arose occurred at sea shortly after sunrise when the seismic recording cable, some 7800 feet in length, became entangled with the fishing gear being pulled by the trawler. The sea was calm and visibility good. No collision occurred between the hulls of the two vessels. The entanglement was 2500 to 3000 feet astern the M/V PACIFIC SEAL, the recording vessel. The M/V CAMPECHE SEAL was at the rear of the flotilla approximately 200 feet from the end of the cable. It was engaged in shooting the explosives as part of the operation. There were two orange balls attached to the end of the cable, 22.9 inches in diameter.

The PACIFIC SEAL, on a Northwesterly heading, had crossed ahead of the CHRISSY & KATHY at a distance of approximately one-quarter of a mile. The CHRISSY & KATHY was off the starboard beam of the PACIFIC SEAL at the time and trawling in a line toward and at right angles to the course being traveled by the PACIFIC SEAL.

Appellant contended that the CHRISSY & KATHY had the right of way under Rule 26, 33 U.S.C.A. § 1088,[1] as a fishing vessel. Geophysical contended that the PACIFIC SEAL was engaged in underwater operations as contemplated by Rule 4, 33 U.S.C.A. § 1064(c)[2] and thus the fishing vessel did not have the right of way. We agree with the district court that the PACIFIC SEAL was engaged in underwater operations within the meaning of the

---

1. § 1088:

"All vessels not engaged in fishing, except vessels to which the provisions of section 1064 of this title apply, shall, when under way, keep out of the way of vessels engaged in fishing. * * *"

2. § 1064(c):

"A vessel engaged in laying or in picking up a submarine cable or navigation mark, or a vessel engaged in surveying or underwater operations, or a vessel engaged in replenishment at sea, or in the launching or recovery of aircraft when from the nature of her work she is unable to get out of the way of approaching vessels, shall carry, in lieu of the lights prescribed in section 1062(a) (i) and (ii) or section 1067(a) (i) of this title, three lights in a vertical line one over the other so that the upper and lower lights shall be the same distance from, and not less than 6 feet above or below, the middle light. The highest and lowest of these lights shall be red, and the middle 1 light shall be white, and they shall be of such a character as to be visible all round the horizon at a distance of at least 2 miles. By day, she shall carry in a vertical line one over the other not less than 6 feet apart, where they can best be seen, three shapes each not less than 2 feet in diameter, of which the highest and lowest shall be globular in shape and red in colour, and the middle one diamond in shape and white."

statute and that the CHRISSY & KATHY did not have a fishing vessel right of way at the time. We also agree that the starboard hand rule, Rule 19, 33 U.S.C.A. § 1081 [3] was inapplicable in the § 1064(c) crossing situation under consideration. The PACIFIC SEAL was displaying the underwater operations signal and was actually engaged in underwater operations. We do not think that she was compelled to slacken her speed or stop or reverse upon approaching the CHRISSY & KATHY. Rule 23, 33 U.S.C.A. § 1085.[4] Neither do we think that the CHRISSY & KATHY had the right of way, after the vessels crossed, over the cable 2500 to 3000 feet astern the PACIFIC SEAL. The CHRISSY & KATHY, under Rule 4, 33 U.S.C.A. § 1064(f), in view of the underwater operations being carried on within the meaning of § 1064(c) and the signal to this effect being displayed by the PACIFIC SEAL, was obligated to turn away from the flotilla:

"The lights and shapes prescribed in this section [§ 1064(c) underwater operations signal] are to be taken by other vessels * * * as signals that the vessel * * * showing them is not under command and cannot therefore get out of the way."

The district court found that the CHRISSY & KATHY was negligent in failing to keep a proper lookout. This finding has ample support in the record. It is a fair inference that the captain of the CHRISSY & KATHY knew that the PACIFIC SEAL was engaged in towing the underwater cable at the time. It is an uncontradicted fact that the crew of the PACIFIC SEAL attempted to warn the captain of the CHRISSY & KATHY by sounding the ship's whistle and by waving to him from the deck of the PACIFIC SEAL. The captain stated that he did not hear the whistle but that he saw the waving. He had previously heard the explosives being set off by the CAMPACHE SEAL. He made no effort to turn away. His view, as stated by the district court, was that he had a right of way into collision.

The district court also found that the CHRISSY & KATHY was negligent in failing to recognize the underwater operations signal displayed by the PACIFIC SEAL. This signal was plainly visible to the captain. He testified that he did not know the meaning of the signal and that he did not have a copy of the Rules of the Road on board.[5] The signal would have been available to him through a copy of the Rules of the Road.

Based on these findings the court concluded that the negligence of the CHRISSY & KATHY was the proximate cause of the collision or entanglement and awarded damages to Geophysical plus interest and costs.

Appellant's case rests on the theory that the PACIFIC SEAL had a statutory duty to keep out of the way of the CHRISSY & KATHY, either under the fishing vessel rule or the starboard hand rule, supra, and that it did not do so. Moreover, it is contended that CHRISSY & KATHY had a corresponding duty to maintain her course and speed unless and until special circumstances arose that required her to depart from the Rules of the Road and that no such special circumstances arose. This entire theory is untenable.

Affirmed.

### ON PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

3. § 1081:
   "When two power-driven vessels are crossing, so as to involve risk of collision, the vessel which has the other on her own starboard side shall keep out of the way of the other."

4. § 1085:
   "Every power-driven vessel which is directed by sections 1078–1089 of this title to keep out of the way of another vessel shall, on approaching her, if necessary, slacken her speed or stop or reverse."

5. International Regulations for Preventing Collisions at Sea, 33 U.S.C.A. §§ 1051–1094, effective September 1, 1965.